UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY, JR., | No. C 10-895 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CAESAR BASA, sergeant, Oakland Police Department, | |
| Defendant. | |

## INTRODUCTION

Edward V. Ray, Jr., a California prisoner currently housed at an out-of-state correctional institution in Tutwiler, Mississippi, filed a pro se civil complaint. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Ray alleges that defendant Oakland police sergeant Basa conducted a line-up in which Ray was among the persons viewed as suspects in a series of robberies. He alleges that "this line-up was held without counsel present" in violation of his right to counsel at this critical stage of the prosecution. Complaint, p. 2. Ray further alleges that during his trial, another "'takeover robbery'" with the same modus operandi as the ones he was charged with occurred. "Sergeant Basa was well aware of the robbery but failed to disclose this evidence to the defense." Id. This allegedly violated Ray's right to due process and a fair trial.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff commenced this action by filing a document captioned as a "Criminal Complaint Under 18 U.S.C.S. §§ 241 and 242." The sections he cites do not provide for a private right of action. See Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968). As a private citizen, Ray has no authority to criminally prosecute anyone. The complaint is legally frivolous insofar as it attempts to initiate a criminal prosecution of the defendant. The way a private citizen plaintiff pursues a claim for a violation of his civil rights is through a civil rights complaint under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Construing the complaint to be a civil rights complaint under § 1983 does not help plaintiff under the circumstances.

The Heck rule generally precludes a prisoner-plaintiff from obtaining damages in a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place. Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly

challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The Heck rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). That Heck applies to both damages and equitable relief was further clarified in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Whether the Heck rule applies requires one to consider whether success in the §1983 action would "necessarily demonstrate the invalidity of the confinement or its duration." Id. at 82. If so, the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside.

Ray claims that the defendant deprived him of his Sixth Amendment right to counsel at a critical stage of the prosecution when he conducted the lineup and that he failed to disclose exculpatory evidence at the trial. The claims are squarely within the Heck rule because success on them would call into question the validity of his conviction that is now in place. Heck requires the dismissal of the claims.

A petition for writ of habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Ray has filed a petition for writ of habeas corpus that is now pending, see Ray v. Cate, No. C 10-1582 SI.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. This dismissal is without prejudice to plaintiff filing a new action if his criminal conviction is ever set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 1, 2010

                                            SUSAN ILLSTON
                                     United States District Judge